OPINION
{¶ 1} Defendant-appellant Clifton W. Griffin appeals from his conviction and sentence for Burglary. Griffin was convicted following a jury trial, and was sentence to two years' imprisonment, with a jail-time credit of 86 days. His sentence was imposed consecutively with a sentence imposed in another case. The trial court made the findings required by R.C.2929.14(E)(4) for the imposition of consecutive sentences.
 {¶ 2} Griffin's sole assignment of error is as follows:
 {¶ 3} "THE TRIAL COURT'S IMPOSITION OF A FIVE YEAR PRISON TERM INSTEAD OF THE PRESUMPTIVE THREE YEAR PRISON TERM FOR A FIRST DEGREE FELONY IS CONTRARY TO LAW BECAUSE THE SENTENCE WAS IMPOSED BASED ON JUDICIAL FACT FINDING UNDER AN UNCONSTITUTIONAL STATUTE, AND FURTHERMORE APPELLANT SPECIFICALLY DENIES THE `FACT' OF A PREVIOUS PRISON TERM AND NO HEARING WAS HELD ON THIS `FACT' PRIOR TO SENTENCING."
 {¶ 4} Our examination of the record discloses a termination entry that provides, in pertinent part, as follows:
 {¶ 5} "IT IS, THEREFORE, ORDERED AND DECREED, and it is the Judgment of this Court, that the Defendant be sentenced to serve a term of incarceration of two (2) years in the Ohio Department of Rehabilitations and Corrections with credit for 86 days jail time served (prior to and including January 19, 2005). This sentence shall be served consecutive to the sentence imposed in Case No. 04-CR-13215."
 {¶ 6} Needless to say, this is at variance with the sentence recited in the assignment of error. But the variance is immaterial. Griffin and the State agree that the trial court, in applying R.C. 2929.14(E)(4) in its sentencing analysis, applied a statutory provision that has been found unconstitutional inState v. Foster, ___ Ohio St. 3d ___, 2006-Ohio-856, which requires a reversal of Griffin's sentence.
 {¶ 7} The parties differ on the remedy on remand. Griffin contends that his sentence should be "converted to a two year prison term," and that it should be ordered to be served concurrently with his sentence in Darke County Common Pleas No. 04-CR-13215. The State contends that this cause should be remanded for the trial court to exercise its discretion, in accordance with State v. Foster, supra, in the imposition of a new sentence. Based upon our reading of State v. Foster, we conclude that the State is correct.
 {¶ 8} Griffin's sole assignment of error is sustained, at least in part. Griffin's sentence is Reversed, and this cause is Remanded for re-sentencing in accordance with State v. Foster,
supra.
Grady, P.J., and Brogan, J., concur.